**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGELA GIBSON,**

      **Plaintiff,**

-vs-               Case No.  6:07-cv-1053-Orl-28KRS

**WALGREEN CO., WALGREENS MAIL**
**SERVICE, INC., ROBERT PERNESKY,**
**CAROL WHITE, KRISTIN DOLPHEY,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR INDEPENDENT MEDICAL EXAMINATION UNDER RULE 35, FED. R. CIV. P. (Doc. No. 56)** |
| **FILED:** | **March 3, 2008** |

Plaintiff Angela Gibson has sued defendants for race discrimination and retaliation in the workplace. Gibson has been treated by health care providers for emotional distress and mental anguish, and Gibson's discovery responses indicate that she intends to have at least one of her health care providers testify regarding her condition. Doc. No. 56 at 6. Defendants move for an order pursuant to Rule 35 of the Federal Rules of Civil Procedure ("Rule 35") to have Gibson examined by Eric M. Kaplan, M.D. regarding the existence, source and severity of the health conditions that Gibson claims are caused by defendants' actions. The proposed exam would take place at a hotel conference

room in Orlando, Florida, would consist of an oral interview and testing, and would last approximately six to eight hours on one day.

Gibson admits she has put her mental and emotional health in controversy in this litigation. Doc. No. 65 at 4. Gibson is willing to be examined by Dr. Kaplan, but seeks a number of restrictions and conditions for the examination. As described below, the conditions and restrictions sought by Gibson are unreasonable in this case.

**I.    ANALYSIS.**

Gibson seeks to limit the time of her examination to four hours duration, to limit the scope of the examination to specific issues, to permit her lawyer to attend the examination, or alternately, to have to examination recorded, videotaped or transcribed, to permit her consulting expert to attend the examination, and to be paid her wages if the examination occurs during work time. Rule 35 provides simply that a court may order a party whose mental condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). District courts, however, have "broad discretion in shaping the scope of discovery." *Williams v. City of Dothan, Ala.*, 745 F.2d 1406, 1415 (11th Cir. 1984).

**1.    Payment of Gibson's Wages and Travel Expenses.**

Gibson requests that defendant Walgreens be required to pay her current wage for time she spends at the medical examination, including travel time and costs, if the examination is scheduled during a work day. Doc. No. 65 at 5. Gibson lives in Orange County, Florida (doc. no. 2 ¶ 7), and the examination will take place in Orlando, Florida.

There is nothing in the federal rules that would require the court to impose these expenses upon defendant. As a party, Gibson is expected to incur certain expenses to pursue her law suit. This would include taking time off from work to attend depositions or court ordered examinations, and any travel incident thereto. Gibson, through her counsel, shall confer with counsel for Defendants to select a mutually agreeable date for the deposition.

### 2.     Limiting the Duration and Scope of the Examination.

The motion states that Dr. Kaplan will conduct both an interview of Gibson as well as testing. Counsel's letter describes this testing as "objective psychological and psychometric tests" and that Dr. Kaplan often administers the Beck and Hamilton Depression Scales, Mini Mental State Exam, the MMPI-2 and the MCMI-3. Doc. No. 56-3 at 2. As an examinee potentially could manipulate the length of the oral interview by taking unnecessarily long on the written tests, I find that a four-hour limit for the examination may provide insufficient opportunity for Dr. Kaplan to conduct his examination. I find that defendants' estimate of six to eight hours, exclusive of breaks, is a reasonable period for the examination.

Gibson also seeks to limit the substance of the examination to those issues that she has raised in her suit. Specifically, Gibson wants to limit Dr. Kaplan's questioning to her tics, her work-related anxiety and stress-related issues, sleeplessness, tiredness, and depression. Doc. No. 65 at 6. Any examination, however, certainly would include taking a comprehensive history of Gibson's physical and mental health, and gathering information necessary to determine the cause of her ailments. I find that Gibson's request to limit the examination is too restrictive. The scope of Dr. Kaplan's

examination may encompass those areas that may reasonably relate to the extent and causation of the mental distress and physical manifestations claimed by Gibson in the instant case.

### 3. Attendance by Gibson's Attorney and Consulting Expert and Recording the Examination.

Gibson wants her attorney to attend the examination to avoid "unsupervised interrogation" and turning her examination into a *de facto* deposition. Gibson's attorney also wants to attend the examination to assist him in preparing to depose Dr. Kaplan and to prepare his cross-examination of Dr. Kaplan at trial. Doc. No. 65 at 7-8. If Gibson's attorney is not allowed to attend, Gibson wants the examination recorded. Gibson also wants her consulting expert to attend the examination.

As the attendance of an attorney or court reporter during a mental examination "is not typically necessary or proper," Gibson has the burden to show good cause for her requests. *Schlunt v. Verizon Directories Sales-West, Inc.*, No. 3:05-cv-666-J-25MCR, 2006 WL 1643727, at *4 (M.D. Fla. June 12, 2006); *see also Tarte v. United States*, No. 07-60762-cv, 2008 WL 449945, at *2 (S.D. Fla. Feb. 15, 2008)(party seeking to have the observer present bears the burden of demonstrating good cause for the request under Rule 26(b)). Gibson relies primarily on *Zabkowicz v. West Bend Co.*, 585 F. Supp. 635 (E.D. Wis. 1984), to support her argument that her attorney should be permitted to attend the examination.[1] The *Zabkowicz* court summarily concluded that because the opposing party had hired the doctor to conduct the examination, the expert was not sufficiently impartial and the examinee was entitled to representation during the examination. *Id.* at 636.

---

[1] Gibson also cites *Langfeldt-Haaland v. Saupe Enter., Inc.*, 768 P.2d 1144 (Alaska 1989). As the case interprets Alaska law and not federal law, I give it no weight.

I do not presume that merely because Dr. Kaplan is being paid by the defendants that he is biased, that the examination will be adversarial in nature, or that he will exceed the scope of questions outlined in this order. Gibson presents no evidence that Dr. Kaplan has a history of unprofessional behavior or that special conditions exist that would require the presence of a third person. Therefore, I find that Gibson failed to establish good cause for her attorney to attend the examination to protect her rights. *See Tarte*, 2008 WL 449945, at *3 (in the absence of evidence that the physician selected by the opposing party will not make a fair examination, the "potential bias" of the physician did not establish good cause for the attorney to attend the examination).

I also concur with those other courts that have found that the presence of a third party or a recording device "subverts the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's medical status." *Tarte*, 2008 WL 449945, at *2 (internal quotations omitted). While it undoubtedly would be convenient and perhaps save some preparation time for Gibson's attorney or her consulting expert to attend the examination, defense counsel did not have the benefit of attending the examinations by Gibson's treating and expert witnesses. Allowing Gibson's attorney and her expert to attend Gibson's examination, therefore, would confer an unfair advantage upon Gibson.

The Federal Rules of Civil Procedure provide adequate safeguards to protect Gibson's rights and enable her to prepare her case. Gibson will receive a copy of Dr. Kaplan's report and Gibson may take Dr. Kaplan's deposition if she chooses. She may also move *in limine* if she can establish that the scope of the examination was overbroad and should not be admitted into evidence.

## II. CONCLUSION.

For the reasons set forth above, I **GRANT** Defendants' Motion for Independent Medical Examination under Rule 35.  As Defendants' expert reports must be disclosed by April 30, 3008, Dr. Kaplan's examination of Gibson shall take place on or before April 16, 2008.  It is **ORDERED** that counsel for Defendants shall provide the Court with a order in the form required by Rule 35(a)(2)(B) once the date and time of the examination has been determined.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE