# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANGELA GIBSON,**

           **Plaintiff,**

**-vs-**                                                                                       **Case No. 6:07-cv-1053-Orl-28KRS**

**WALGREEN CO., WALGREENS MAIL
SERVICE, INC., ROBERT PERNESKY,
CAROL WHITE, KRISTIN DOLPHEY,**

           **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on Plaintiff's Motion to Vacate the Clerk's April 10, 2008, Bill of Costs Entered Against Plaintiff, and Motion to Vacate the March 27, 2008, "Judgment" Entered Against Plaintiff. Doc. No. 80. Defendants have responded to the motion. Doc. No. 81. The matter has been referred to me for issuance of a report and recommendation.

**I.     BACKGROUND.**

      On March 26, 2008, Plaintiff Angela Gibson and Defendants Robert Pernesky, Walgreen Co., Walgreens Mail Service, Inc., Kristin Dolphey, and Carol White (collectively "Defendants"), through their counsel, stipulated to dismiss defendant Pernesky from the action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. Doc. No. 72. The stipulation expressly provided that it did not affect Pernesky's ability to seek reimbursement of attorney's fees and costs from

Gibson. On March 27, 2008, the Court issued an order dismissing the case with prejudice against defendant Pernesky pursuant to the parties' stipulation. Doc. No. 73.

On April 9, 2008, Pernesky filed a proposed Bill of Costs. Doc. No. 76. The Clerk taxed the costs against Gibson on April 10, 2008. Doc. No. 78. Presently before the Court is Gibson's motion to vacate the taxation of costs and to vacate the order of dismissal entered on March 27, 2008.

Gibson argues that Pernesky is not a prevailing party entitled to costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Defendants contend that this case is controlled by *Mathews v. Crosby*, 480 F.3d 1265 (11th Cir. 2007), which they argue should be construed as conferring prevailing party status to a defendant in any case of voluntary dismissal. Pernesky, however, relies on the analysis by the Honorable Wm. Terrell Hodges in *Johnson v. Pringle Dev. Inc.*, Case No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542 (Aug. 1, 2006), in which Judge Hodges found that a voluntary dismissal pursuant to Rule 41(a)(1) did not make the defendant a prevailing party entitled to costs pursuant to Rule 54.

**II.   ANALYSIS.**

   A.   *Prevailing Party for Purposes of Rule 54(d).*

In *Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001)(*Buckhannon*), the United States Supreme Court held that a party was not the "prevailing party" for purposes of an award of attorney's fees and litigation expenses under 42 U.S.C. § 1988 when it obtained the desired result through a voluntary change in the defendant's conduct because this outcome lacked "the necessary judicial *imprimatur* on the change." *Id.* at 605. Since that time, it appears that the majority of courts that have specifically addressed the issue have

relied on the *Buckhannon* analysis to determine whether a party is the "prevailing party" for purposes of an award of costs under Federal Rule of Civil Procedure 54(d). *See, e.g., Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005); *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003); *Johnson*, 2006 WL 2189542, at *2; *Bryant v. MV Transp., Inc.*, 231 F.R.D. 480, 481-82 (E.D. Va. 2005).

Pernesky argues, however, that the United States Court of Appeals for the Eleventh Circuit decided in *Mathews* that a defendant who is dismissed pursuant to Rule 41 is necessarily a prevailing party, irrespective of the *Buckhannon* analysis. In *Mathews*, the Eleventh Circuit found that "[t]he Defendants, having obtained from Mathews a voluntary dismissal with prejudice, are considered prevailing parties." 480 F.3d at 1276 (citing *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001), and *Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995)).

The Eleventh Circuit did not reference *Buckhannon* in *Mathews*. Review of the underlying record in that case, which was litigated in this Court, may explain why. The only reference to *Buckhannon* in the motions and responses filed in this Court appears to have been made in passing support of the assertion that defendants were prevailing parties. *See Mathews v. Crosby*, Case No. 3:99-cv-1117-J-32MMH, doc. nos. 407 at 7, 417 at 8-9 (M.D. Fla.)("The U.S. Supreme Court defined a prevailing party as '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded.' Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). *Quoting* Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)"). Thereafter, the plaintiffs did not contend that the defendants were not prevailing parties for purposes of an award of costs in this Court or in their briefs filed with the

Eleventh Circuit. *See Mathews v. Crosby*, Case No. 3:99-cv-1117-J-32MMH, doc. nos. 414, 420, 439, 443, 444 (M.D. Fla.); C.A. 11 Appellate Briefs, found on Westlaw, full history of *Mathews*.

It is, therefore, not surprising that the Eleventh Circuit did not address whether the decision in *Buckhannon* would change the outcome in the cases on which the Court relied to determine that defendants were prevailing parties, all of which were decided before the *Buckhannon* decision was entered. *See Mathews*, 480 F.3d at 1276 (citing *Sequa Corp. v. Cooper*, 245 F.3d 1036 (8th Cir. 2001)[1], and *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458 (10th Cir. 1995)). A court decision that does not address an argument that was not raised cannot be considered to have decided the question that was not presented. *See, e.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999). Accordingly, the *Mathews* decision is not binding on this Court with respect to whether a defendant who receives a voluntary dismissal under Rule 41(a)(1)(A)(ii) is a prevailing party for purposes of Rule 54(d).[2]

The *Buckhannon* "prevailing party" test must begin with an examination of voluntary dismissals under Rule 41. Under that rule, a case can be dismissed without leave of Court if the Plaintiff files a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) before the opposing party serves an answer or a motion for summary judgment or if a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) is signed by all parties who appeared. Rule 41(a)(2) requires in all other circumstances

---

[1] *Buckhannon* was decided on May 29, 2001. *Sequa Corp.* was decided on April 16, 2001.

[2] Another distinction between the present case and *Mathews* is that Pernesky was voluntarily dismissed pursuant to Rule 41(a)(1), while the defendants in *Mathews* were voluntarily dismissed pursuant to Rule 41(a)(2). As discussed in more detail *infra*, this is a distinction that makes a difference.

that the case can be dismissed only by Court order. Accordingly, commentators and courts have noted that:

> While a voluntary dismissal under Rule 41(a)(1)[A](ii) is effective with little to no court involvement, *see* 8 MOORE, MOORE'S FEDERAL PRACTICE - CIVIL § 41.34, the court plays a significant role in resolving a case that is dismissed under Rule 41(a)(2), *see id.* at § 41.40. . . . The court has the discretion to approve or disapprove of the motion, *id.* at § 41.40(2), and hence constitutes the determining factors as to whether the case is dismissed. . . . Thus, a Rule 41(a)(2) dismissal has the "judicial imprimatur" and "judicially sanctioned" relief lacking in a Rule 41(a)(1)[A](ii) dismissal.

*Bryant,* 231 F.R.D. at 482; *accord Johnson*, 2006 WL 2189542, at * 2-3.

In *Johnson*, Judge Hodges carefully applied the *Buckhannon* analysis to a party who obtained a voluntary dismissal with prejudice under Rule 41(a)(1)(A)(ii). I find his analysis to be persuasive. Following that analysis, the stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) filed in this case was effective upon filing and required no further action of the Court. The subsequent order dismissing the case was ministerial only, and did not add any judicial *imprimatur* to the dismissal. The change in the parties' relationship was voluntary and occurred before the dismissal order was entered. Therefore, under the *Buckhannon* prevailing party test, Pernesky is not a prevailing party in this case. As such, he is not entitled to an award of costs.

    B.    *Alternative Analysis of Taxable Costs.*

In the event that the Court finds that Pernesky is a prevailing party in this case, I note that Gibson does not object to any of the costs taxed by the Court. She does, however, request that she be permitted to file an affidavit demonstrating her inability to pay the costs taxed by the Clerk of Court in the amount of $3,230.30. Doc. No. 80 at 9. Gibson presents no evidence or explanation for her

failure to provide such an affidavit in support of her motion to vacate the costs taxed by the Clerk. Accordingly, I recommend that if the Court concludes that Pernesky is a prevailing party, it not consider Gibson's request to have the amount reduced by a belated showing of indigency.

### III.   RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Court do the following:

A) **GRANT** Plaintiff's Motion to Vacate the Clerk's April 10, 2008, Bill of Costs Entered Against Plaintiff, doc. no. 80;

B) **DENY** Plaintiff's . . . Motion to Vacate the March 27, 2008, "Judgment" Entered Against Plaintiff, doc. no. 80, as unnecessary; and,

C) **VACATE** the Bill of Costs Taxed by the Clerk of Court on April 10, 2008, doc. no. 78.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record